IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| KENTROYIA K. WILLIAMS, | : | |
| Petitioner, | : | |
| VS. | : | 1 : 12-CV-63 (WLS) |
| Commissioner BRIAN OWENS, | : | |
| Respondent. | : | |

## ORDER AND RECOMMENDATION

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 Dougherty County conviction for possession of cocaine, obstructing a law enforcement officer, and driving while license suspended. (Doc. 1). The indictment also included a recidivist count, charging Petitioner with having three (3) prior felony convictions. Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to a "split" sentence of thirty (30) years, ten (10) to serve with the remaining twenty (20) years probated. Petitioner appealed his conviction to the Georgia Court of Appeals. His conviction was affirmed on appeal. *Williams v. State*, No. A11A2234 (Ga. App. Feb. 7, 2012) (not published). Petitioner executed this federal habeas petition on April 16, 2012. (Doc. 1).

### Standard of Review

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal

habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief *only* if the challenged state court decision was either contrary

2

to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court made a decision based on an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d).

### **Petitioner=s Habeas Claim**

In his Petition for federal habeas relief, Petitioner sets forth the following ground for relief: his conviction is void on its face as the recidivist count of the indictment was based on two (2) certified convictions, rather than three (3) as required under O.C.G.A. § 17-10-7(c). (Doc. 1). Petitioner contends that since two of his convictions were based on pleas which occurred on the same day, the convictions constitute only one crime and cannot be used to enhance Petitioner's sentence.

Respondent asserts that Petitioner's sole ground is procedurally defaulted under O.C.G.A. § 9-14-48(d) because Petitioner did not raise this ground on direct appeal. (Doc. 14-1). On direct appeal, Petitioner asserted "that the trial court erred in sentencing him under O.C.G.A. § 17-10-7(c) because the State did not introduce evidence of three previous convictions." (Doc. 16-15, p. 7). Petitioner contended that had the trial court not relied on "materially false and unreliable information during sentencing, there is a reasonable probability that the outcome would have been different." (Docs. 16-13, p. 6, 16-14, p. 4).

Petitioner must raise all claims at trial and on direct appeal to avoid procedural default. *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991). O.C.G.A. § 9-14-48(d) provides as follows:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall

3

not be granted.

Further, the Supreme Court held in *Coleman*:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

State courts must be provided with a "'fair opportunity' to apply controlling legal principles to the facts bearing upon [a] constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Id.* (internal citations omitted). "[A] petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim." *Troy v. Secretary of Dept. of Corrections*, 2013 WL 24212, *37 (M.D. Fla. Jan. 2, 2013). When a claim is not properly exhausted in the state courts, "and now is undeniably barred by firmly established and consistently applied state procedural rules from raising them, the claims are procedurally defaulted," and Federal review is precluded. *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

Comparing the Petition with Petitioner's brief and reply brief on direct appeal, it appears that Plaintiff has sought two different forms of relief. In his state court direct appeal, Petitioner sought relief based on the trial court's reliance on misleading information, in that the record did not contain three certified convictions. (Docs. 16-13; 16-14). From the record, it appears that Petitioner alleged that the attorney for the State informed the judge that the Dougherty County Clerk's office

had provided a certified copy of the third prior conviction; however, the certified copy was not contained in Petitioner's copy of the transcript.  (Docs. 16-13, pp. 10-11; 16-11, p. 33, ll. 5-20, p. 35, ll. 21-24).  Thus, the ground raised on direct appeal appears to be that an error occurred because the trial court sentenced Petitioner as a recidivist without a certified copy of his third prior conviction.

In his habeas Petition, Petitioner requests the court void his sentence because Petitioner wrongfully received enhanced sentencing because one of his prior convictions was treated as two prior convictions.  (Doc. 1).  Petitioner maintains that he entered two pleas on the same day, which constituted only one conviction, not two.  According to Petitioner, the trial court erred by treating these two pleas as two separate convictions.  Unlike the direct appeal, the federal Petition does not state that the trial judge relied on materially false and unreliable information, or that the certified copy of his third prior conviction was not contained in the record.  Instead, Petitioner now claims he has only two prior convictions, not three, and the trial court erred when it sentenced him as a recidivist.  Thus, this claim is not exhausted.

In Petitioner's reply brief on direct appeal, he does state that, "the trial court erred wherein it sentenced [Petitioner] under O.C.G.A. 17-10-7c which states that a defendant's plea of guilty to three separate indictments on the same day constitutes only one crime under Code Section 27-25-11[.]" (Doc. 16-14, p. 3).  Petitioner provided no additional information in his state appeal regarding this claim.

"[T]o exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).  While the claim asserted in Petitioner's reply brief on direct appeal contains similar language to Petitioner's federal habeas Petition, the claim alleged in the reply brief appears to have

5

been raised as an issue of state law, not federal law. Petitioner alleged this additional claim as a misapplication of state law. Petitioner did not provide any citation that might have alerted the state court to the alleged federal nature of his claim; he only cited to state law and state cases. While the facts alleged in this claim may have presented a possible underlying federal due process claim, Petitioner failed to allege that he was seeking relief under any specific constitutional guarantee. As a result, this claim was not exhausted. *See Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (a petitioner's state court claim of "ineffective assistance of appellate counsel" did not state a federal claim when the petition provided "no citation of any case that might have alerted the court to the alleged federal nature of the claim"); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that [a] . . . ruling at a state court trial denied him due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court."); *Hunter v. McDonough*, 2008 WL 8660730, *5 (S.D. Fla., Jan. 3, 2008) (finding the petitioner's identical claim on direct appeal was not exhausted because the petitioner provided no citation to any case that might alert the state court to the federal nature of his claim); *Preston v. Secretary, Department of Corrections*, 2012 WL 1549529, *13 (M.D. Fla., May 1, 2012) (finding a claim procedurally defaulted when the petitioner raised the claim on direct appeal, but did not present the claim in terms of a deprivation of a federal constitutional right).[1]

While Petitioner's state and federal claims each allege errors based upon his enhanced sentencing as a recidivist, Petitioner is alleging two different legal errors, and thus, did not exhaust the

---

[1] While Petitioner does reference the "due process clause" in his initial brief on direct appeal, the Court notes that this is in reference to his allegation that the trial court relied on a materially false statement, in that the record did not contain a copy of his third conviction. Furthermore, Petitioner cannot rely on a broad federal due process claim, but must provide a more particular analysis. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982); *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

ground alleged in this Petition. *See Hart v. Estelle*, 634 F.2d 987, 989 (5th Cir. 1981) (State remedies may not be considered exhausted "even though the prior state proceeding technically asserted the same constitutional deficiency and the same facts are urged in a federal court but in support of a different legal theory."). As it would be procedurally barred if he now attempted to raise the new claim at the state level, the claim is procedurally barred at the federal level. *See Snowden*, 135 F.3d at 736 ("when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the court] can forego the needless 'judicial ping-pong' and just treat those claims as now barred by state law as no basis for federal habeas relief").

A state prisoner may overcome the procedural bar if the petitioner can establish cause for the failure to raise the claim at trial and on direct appeal or during a state habeas proceeding, and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

To prove prejudice, a petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 495 (quoting *United States v. Frady*,

7

456 U.S. 152, 156 (1982)).   The U.S. Supreme Court made clear that both cause and actual prejudice must be shown, and specifically rejected the contention that cause need not be shown if actual prejudice was shown. *Murray*, 477 U.S. at 495.   Additionally, a mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright,* 433 U.S. at 91.

Herein, Petitioner has not established cause or prejudice in order to excuse the procedural default of this claim.   Further, Petitioner does not show that he was "actually innocent," which is necessary to show that Petitioner meets the "fundamental miscarriage of justice" exception. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (petitioner must show "actual innocence" to meet the "fundamental miscarriage of justice exception").   This Court finds that Petitioner did not raise his habeas ground on direct appeal and has not shown cause or prejudice, and therefore, the sole ground in this Petition is procedurally defaulted.   *Coleman*, 501 U.S. at 750; *Booker v. Wainwright*, 764 F.2d 1371, 1378-79 (11th Cir. 1985).

*Conclusion*

As the sole ground raised by Petitioner will not support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   Therefore, it is recommended that

the Court deny a certificate of appealability in its Final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

*Motion to Grant Petition (Doc. 18)*

Petitioner filed a "Motion to Grant Petition for Writ of Habeas Corpus Under U.S.C. 2254" on September 21, 2012.   It appears that this is Petitioner's reply to Respondent's Response to the Petition.   Petitioner requests the Court grant his Petition.   The Court has made a Recommendation to the district judge assigned to this case to deny the Petition, and thus, Petitioner's Motion to Grant Petition is hereby **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 22nd day of March, 2013.

                                         s/ *THOMAS Q. LANGSTAFF*
                                         **UNITED STATES MAGISTRATE JUDGE**

llf