**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KENTROYIA K. WILLIAMS, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 1:12-cv-63 (WLS) |
| : | |
| Commissioner BRIAN OWENS, : | |
| : | |
| Respondent. : | |
| : | |

**ORDER**

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff on Petitioner Kentroyia K. Williams' petition for a writ of habeas corpus. (Doc. 20.) Judge Langstaff recommends the Court deny Williams' petition because his sole ground for relief is procedurally defaulted. Judge Langstaff noticed Williams that he had fourteen days to object to the recommendation. Williams did not object. (*See* Docket.)

Regardless, after a *de novo* review of the record and Recommendation, the Court accepts the Recommendation and denies Williams' petition. In his petition, Williams seeks relief from his state court conviction because the sentencing court treated him as a recidivist for having three prior convictions. Williams claims two of his convictions should have been treated as one under Georgia Code section 17-10-7(c) because he pleaded guilty to those two on the same day. He claims this alleged error violated the due process clause of the Fourteenth Amendment.

Williams did not exhaust this claim on direct appeal. Before the Court of Appeals of Georgia, Williams asserted the sentencing court committed error because it did not have sufficient evidence of his third conviction. He made a passing reference to the due

1

process clause in connection with the judge "relying on materially false and unreliable information during sentencing." (Doc. 16-13 at 5.) In his reply brief, Williams did argue his plea of guilty to three indictments on the same day amounted to one conviction, but he cited only Georgia statutes and case law and did not make any reference to a federal claim. The Court of Appeals of Georgia found that these claims were waived because he did not present them to the sentencing court.

Williams' arguments were insufficient to raise and exhaust a federal constitutional claim. The state prisoner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Further, the state prisoner must do more than allege a "somewhat similar state-law claim." *Anderson v. Harless*, 439 U.S. 4, 6 (1982). *See also Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (holding that state prisoner did not "fairly present" federal claim on ineffective assistance of counsel when he did not cite any federal cases or provide the factual basis for the claim). Williams did not fairly present his federal claim to the state appellate court. He did not cite any federal authority or cases and did not refer to the due process clause when making his claim regarding the conflation of his convictions.

The Court agrees with Judge Langstaff that the new claim would be procedurally barred if Williams tried to raise it at the state level, so it is also barred at the federal level. *Snowden*, 135 F.3d at 736 (holding that district court may treat an unexhausted claim as procedurally defaulted when it is clear it would be defaulted at the state level). Williams did not show cause and prejudice or a miscarriage of justice to excuse his default.

Therefore, upon full review and consideration of the record, and in view of the absence of an objection on the record, the Court finds that Judge Langstaff's Report and Recommendation (Doc. 20) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Williams' petition for a writ of habeas corpus is **DENIED**. Because jurists of reason would not find Williams' procedurally defaulted due process claim to be viable on the merits, the Court also **DENIES** Williams a Certificate of Appealability.

**SO ORDERED**, this   10th   day of May 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**